IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **Filed Under Seal** |
| v. | Criminal No. 1:24-mj-476 |
| ABDUL MASIR BAZIDWALL, | |
| *Defendant.* | |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT MATERIALS
PURSUANT TO LOCAL RULE 49(B)**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the arrest warrant, complaint, affidavit in support of the complaint, and this Motion, and proposed Order until the defendant's arrest.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Federal Bureau of Investigation is currently investigating Abdul Masir Bazidwall for international parental kidnapping, in violation of 18 U.S.C. § 1204.

2.      Premature disclosure of the charge against the defendant would jeopardize the Federal Bureau of Investigation's ongoing criminal investigation, threatening its ability to locate and arrest the defendant, as well as its ability to locate the children he is accused of having taken outside of the United States to Afghanistan with the intent to obstruct the children's mother the lawful exercise of her parental rights.

**II.     REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.      The Court has the inherent power to seal the requested documents. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672

F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would severely compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The arrest warrant, complaint, affidavit in support of the complaint, this Motion, and any accompanying Order would need to remain sealed until the defendant is arrested.[1]

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. Moreover, the United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

---

[1] Although the subject materials should remain under seal until the defendant is arrested, it is likely that before that date, the United States will have to disclose to its foreign law enforcement partners the subject materials in order to execute the arrest warrant.

WHEREFORE, the United States respectfully requests that the arrest warrant, complaint and affidavit in support of the complaint, and this Motion to Seal and proposed Order be sealed until the defendant is arrested, with the understanding that the United States may share these materials with its foreign counterparts in order to execute the arrest warrant.

                Respectfully submitted,

                Jessica D. Aber
                United States Attorney

By:    ___/s/_____
           Natasha Smalky
           Assistant United States Attorney